Sealed
Public and unofficial staff access
to this instrument are
prohibited by court order

United States Courts
Southern District of Texas
FILED
September 02, 2026
Nathan Ochsner, Clerk of Court

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | **Criminal No. 4:26-cr-583** |
| | § | |
| | § | |
| **v.** | § | **<u>Counts 1 -2</u>:** |
| | § | **Mail Fraud, 18 U.S.C. 1341** |
| **ALLA KARASH NOWOWIEJSKI,** | § | **False Statements, 18 U.S.C. 1001** |
| **Defendant.** | § | |

**SEALED**

## INDICTMENT

**THE GRAND JURY CHARGES:**

At all times material to this Indictment:

### COUNT ONE: MAIL FRAUD
### (18 U.S.C. § 1341)

1. On or about December 17, 2024, in the Southern District of Texas and elsewhere, the defendant,

**ALLA KARASH NOWOWIEJSKI**

did intentionally and knowingly devise and intend to devise a scheme and artifice to defraud victims A.C. and G.C., by means of materially false and fraudulent pretenses and representations causing A.C. and G.C. to disburse monetary funds to an account controlled by defendant ALLA KARASH NOWOWIEJSKI, through a series of false and fraudulent statements, namely by promising to provide certain legal services, when such services were not provided to wit: by causing victim A.C. to submit unnecessary documents to the United States Citizenship and

Immigration Services, including vaccination records, via United States Postal Services ("USPS") with tracking number xx1260 in furtherance of executing the scheme.

All in violation of 18 U.S.C. § 1341 and §2.

**<u>COUNT TWO: FALSE STATEMENTS</u>**
**<u>(18 U.S.C. § 1001)</u>**

2. On or about December 17, 2024, in the Southern District of Texas and elsewhere, the defendant,

**ALLA KARASH NOWOWIEJSKI**

did knowingly and willingly use false and fraudulent documents with intent to make false representations to the U.S. Citizenship and Immigration Services ("USCIS"), a United States government agency, knowing that the documents and memorandum contained materially false statements, by means of materially false representations, to wit: namely by submitting medical records for clients A.C. and G.C. ("clients") in a memorandum for the Response to the Request for Evidence ("RFE"), claiming that the USCIS had requested such information but knowing that no such request had been made.

All in violation of 18 U.S.C. § 1001.

**<u>NOTICE OF CRIMINAL FORFEITURE</u>**

**(18 U.S.C. § 982(a)(7); 18 U.S.C. § 981(a)(1)(C))**

Pursuant to Title 18, United States Code, Section 982(a)(7), the United States gives notice that upon Defendant's conviction of any mail fraud offense charged in this Indictment, the United States will seek forfeiture of all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such offenses.

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), the United States gives notice that upon Defendant's conviction of wire fraud offenses charged in this Indictment, the United States intends to seek forfeiture of all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses.

**MONEY JUDGMENT AND SUBSTITUTE ASSETS**

The United States gives notice that it will seek a money judgment against the Defendant. In the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exist, the United States will seek to forfeit any other property of the Defendant up to the amount of the money judgment.

AARON F. REITZ
United States Attorney
Southern District of Texas

By: Thomas H. Carter
THOMAS H. CARTER
Assistant United States Attorney
Southern District of Texas

ORIGINAL SIGNATURE ON FILE

FOREPERSON OF THE GRAND JURY